IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENE LUEVANO FERRELL,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CIVIL ACTION FILE NO.<br>1:16-CV-4252-WSD-JKL<br><br>CRIMINAL ACTION NO.<br>1:14-CR-371-WSD-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Federal inmate Rene Luevano Ferrell has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 32.] Respondent filed a motion to dismiss. [Doc. 34.] Movant filed a traverse and formal response. [Doc. 35.] Movant has also filed a motion to stay this case pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which was decided on March 6, 2017. [Doc. 33.] For the reasons that follow, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED** and the motion to stay be **DENIED AS MOOT**.

### I.  BACKGROUND

On October 3, 2014, Movant pled guilty to conspiracy to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C.

§§ 841(b)(1)(B)(viii) and 846. [Doc. 1, 5.] On January 9, 2015, based on the PSR and agreement from the government and defense counsel, the trial judge determined a total offense level of 35.[1] [Doc. 21 at 6.] With a criminal history category of one, Movant's custody guideline range was 168 to 210 months. [*Id.*] Defense counsel raised no objection to this finding. [*Id.*] Pursuant to 21 U.S.C. § 841(b)(1)(B)(viii), Movant was subject to a sentence between 5 and 40 years.

Upon consideration of the testimony of a number of Movant's friends and family members, argument from defense counsel for a downward departure, and the nature of the crime to which Movant was pleading guilty, the trial judge sentenced Movant to 168 months' imprisonment, the bottom of the guidelines range.

Movant appealed, but the Eleventh Circuit dismissed the appeal pursuant to the waiver contained in Movant's plea agreement. [Doc. 27.] On July 2, 2015, Movant filed a motion to reduce his sentence. [Doc. 24.] That motion was denied on August 9, 2016. [Doc. 31.] Movant timely filed the present motion to vacate on October 31, 2016. [Doc. 32.]

---

[1] This included a two-level enhancement for aggravating role and three level reduction for acceptance of responsibility. [Doc. 21 at 5-6.]

## II. RELEVANT LEGAL STANDARDS

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is otherwise subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015), *cert. denied*, __ U.S. __, 136 S.Ct. 267 (2015).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, generally are foreclosed in § 2255 proceedings. *Hidalgo v. United States*, 138 F. App'x 290, 291, 294 (11th Cir. 2005) (citing *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004), and *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)). Claims that a § 2255 movant could have asserted on direct appeal, but did not,

generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232 (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); *see also Massaro v. United States*, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

### III.   DISCUSSION

Movant asserts one ground for relief in his motion to vacate. He claims that he "received virtually no § 3553 factor relief" from the "§ 846 increases." [Doc. 32 at 4.] In challenging his sentence, Movant "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Harris*, 394 F. App'x 627, 627 (11th Cir. 2010)

(quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam)). Where the sentence imposed falls within the guidelines, a trial court need only show that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id*. at 628 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007) (alteration in original)).

A review of the sentencing hearing transcript shows that the District Judge considered and weighed the § 3553 factors and concluded that sentencing Movant at the bottom of the guidelines range was appropriate. [Doc. 21 at 61-69.] There is no indication that the § 3553(a) factors were not appropriately weighed or that Movant's sentence is substantively unreasonable.

To the extent that Movant is challenging any "§ 846 increases," the undersigned notes that 21 U.S.C. § 846 provides: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." While Movant pled guilty to a 21 U.S.C. § 846 offense, it was not used to "increase" or enhance his sentence.

Movant discusses at length the Supreme Court's holdings in a line of cases addressing whether certain "residual clauses" are void for vagueness, including *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), *Welch v. United States*, 136 S.Ct. 1257 (2016), and the then upcoming decision in *Beckles v. United States*, 137

S.Ct. 886 (2017).  These cases involved the definition of a "crime of violence" as set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), and United States Sentencing Guideline § 4B1.2(a).

As the Government points out in its motion to dismiss, Movant's sentence was not enhanced under the ACCA, nor was it enhanced pursuant to U.S.S.G. § 4B1.2(a)(2).  Accordingly, neither *Johnson* or *Beckles* entitle Movant to § 2255 relief.

## IV.   CERTIFICATE OF APPEALABILITY ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

It is not reasonably debatable that Movant's claim in his § 2255 motion lacks merit. Because Movant has not substantially shown that he was denied a constitutional right, a COA is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 483-84.

## V. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**. [Doc. 34.] Movant's motion to stay is **DENIED AS MOOT**. [Doc. 33.] The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED AND RECOMMENDED** this 13th day of June, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE